UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Russell Leon David, Sr.,<br><br>                      Plaintiff,<br><br>vs.<br><br>South Carolina Dep. Corr.;<br>Dr. J. G. Alewine;<br>S. Sherman;<br>K. McCullough;<br>Dr. Donald R. Sampson,<br><br>                      Defendants. | C/A No. 9:10-1341-RBH-BM<br><br><br><br><br><br><br><br><br>Report and Recommendation |

The Plaintiff, an inmate at the Broad River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. The complaint names the SCDC, and employees thereof, as Defendants, and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;[1] 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319,

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that he began requesting medical attention for his "back & legs and hips" on January 14, 2010. Plaintiff was seen at "sick call" on several occasions by SCDC medical personnel, to include SCDC nurses Defendants McCullough and Sherman, who provided Plaintiff with "ibuprofen 200 mg." for pain. (Complaint, page 3). However, Plaintiff states that he was not seen by an SCDC physician until April 15, 2010, when he was examined by Defendant A. J. Alewine. (Complaint, page 4). Hence, Plaintiff complains that he did not receive "adequate medical care for 90 days without a Doctor and [did not get] adequate treatment from the Nurses." (Complaint, page 4). Plaintiff seeks monetary damages and injunctive relief. (Complaint, page 5).

## Discussion

Plaintiff alleges that the Defendants have been deliberately indifferent to Plaintiff's medical needs. However, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

2

administrative remedies as are available are exhausted." It is clear from the face of the complaint that Plaintiff filed this case prematurely, before he fully exhausted the South Carolina Department of Corrections (SCDC) administrative remedy process.

The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). *See Booth v. Churner*, 532 U.S. 731, 741 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, *Jones v. Bock,* 549 U.S. 199 (2007), and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is nevertheless appropriate. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005). *See also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006).

In the instant action, Plaintiff admits that he filed a grievance at the Broad River Correctional Institution on or about March 12, 2010. However, he goes on to clearly state that he had not received a response to his grievance as of the date he prepared his complaint (presumably immediately before mailing it on May 19, 2010)². (Complaint, page 2). Plaintiff further indicates that, when the instant

---

² It is noted that while Plaintiff's complaint is dated May 28, 2010, the United States Postage stamp indicates the pleading was mailed on May 19, 2010.



3

complaint was prepared, only sixty-five (65) days had passed since the date he filed his grievance, and that he hoped to get the grievance "back in time for the Court's." (Complaint, page 4).

The SCDC policy time limits are summarized as follows: After unsuccessful attempts at informal resolution of the problem(s), **(1)** an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen days of the alleged incident; **(2)** the grievance must then be entered into the SCDC's automated system within ten working days, and the Institutional Inmate Grievance Coordinator (IGC) notified; **(3)** the IGC must then, within ten working days, finalize the grievance in the system and attempt to informally resolve the issue, prior to submission to the Warden; **(4)** the Warden should respond to the inmate in writing within forty days of the Warden's receipt of the Step 1 grievance and then the IGC has five working days to provide the Step 1 response to the inmate; **(5)** the inmate may then appeal the Warden's response by completing a Form 10-5a (Step 2 Appeal) and submitting it to the IGC within five "calendar days" of the inmate's receipt of the response; **(6)** the IGC then notifies the Inmate Grievance Branch of the Step 2 appeal and the Branch has another five "calendar days" to get the Step 2 appeal to the responsible SCDC official (the Division Director of Operations) for a response; **(7)** the Division Director of Operations then has sixty days from the day the appeal was received by the IGC at the institution to respond to the Step 2 grievance, and finally, **(8)** the IGC has five days to serve the inmate with the Step 2 response. SCDC Policy/Procedure GA-01.12, at §§ 11; 13.1-13.6 (Sept. 1, 2009). The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.*

As indicated above, a reasonable reading of the current grievance policy discloses that, even if the Warden fails to respond to an inmate's Step 1 grievance within the forty days provided, the



4

inmate still must refrain from filing suit in federal court until all time periods for both steps to be completed have expired. Assuming Plaintiff never receives a response to his filed grievance, under provisions of the 2009 version of the inmate grievance policy, an SCDC inmate must wait 125 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court.[3] This time period gives the prison administrators a chance to resolve the matter without implicating judicial oversight of prison administration, which is disfavored. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006)("The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'") citing *Booth*, 532 U.S. at 739. Thus, until the full 125 day time period expires, Plaintiff will not have exhausted "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *e.g. Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

## Recommendation

As it is clear from the face of Plaintiff's complaint that he has not fully exhausted his available administrative remedies, this action should be summarily dismissed *without prejudice*. Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process.

---

[3]The maximum time that the full grievance process is supposed to take, even if an allowable 90-days extension is granted, is 215 days. The inmate will be notified in writing by the IGC if an extension is granted for a response at either step. SCDC 2009 Policy/Procedure § 11. The regular time limits do not apply in emergency situations or where criminal activity is alleged in the grievance and it is necessary to refer the matter to the South Carolina Law Enforcement Division for investigation.

5

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

June 16, 2010
Charleston, South Carolina

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

